1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          **EASTERN DISTRICT OF CALIFORNIA**

10

11  BRUCE PHILLIPI,                          )   Case No.: 1:13-cv-01514-SAB (PC)
                                             )
12          Plaintiff,                       )   ORDER DISMISSING COMPLAINT, WITH
                                             )   LEAVE TO AMEND, FOR FAILRUE TO
13      v.                                   )   COMPLY WITH THE FEDERAL RULES OF
                                             )   CIVIL PROEDURE
14  PATTERSON, et al.,                       )
                                             )   [ECF No. 1]
15          Defendants.                      )
                                             )
16  _____     )

17          Plaintiff Bruce Phillipi is appearing pro se and in forma pauperis in this civil rights action

18  pursuant to 42 U.S.C. § 1983.

19          Plaintiff filed the instant complaint on September 18, 2013.

20                                          **I.**

21                          **SCREENING REQUIREMENT**

22          The Court is required to screen complaints brought by prisoners seeking relief against a

23  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

24  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

25  "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks

26  monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

27          A complaint must contain "a short and plain statement of the claim showing that the pleader is

28  entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

                                             1

1    "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

2    do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly,

3    550 U.S. 544, 555 (2007)).  Plaintiff must demonstrate that each named defendant personally

4    participated in the deprivation of his rights.  Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County,

5    Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

6          Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings

7    liberally construed and to have any doubt resolved in their favor, but the pleading standard is now

8    higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive

9    screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow

10   the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal,

11   556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer

12   possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely

13   consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556

14   U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

17         Plaintiff alleges that he experienced retaliatory actions by staff in two prisons over a three year

18   period of time, which continues to this day.  Plaintiff contends the retaliation has been done for the

19   following reasons: (1) because he is White; (2) because he is Jewish; (3) because he is a

20   litigator/jailhouse lawyer who helps other; (4) because he wrote a declaration accusing staff of sexual

21   harassment; (5) because he was found guilty of battery on prison staff; (6) because he had a criminal

22   case issued by the California Department of Corrections and Rehabilitation dismissed in court; (7)

23   because he had a disciplinary issued by CDCR ordered removed by a court; (8) because he filed a civil

24   rights action pursuant to section 1983 against prison staff; (9) because he was viewed by prison staff

25   as being the "White" leader and instigator of inmate on staff violence; and (10) because he has filed

26   numerous inmate appeals regarding section 1983 claims.  (Compl. at 9.)

27         Plaintiff raises various allegations against several defendants at different prisons at different

28   times, including allegations of retaliation, improper processing of inmate appeals, access to the court

1 violations, deliberate indifference to his safety, interference with mail, improper administrative

2 segregation placement, improper gang validation, and equal protection violations.

3        Because Plaintiff has not complied with Rules 18 and 20 of the Federal Rules of Civil

4 Procedure, the Court will not analyze the cognizability of each individual claim, but the Court will

5 provide Plaintiff with the applicable legal standards of review should he wish to file an amended

6 complaint.

7 **III.**

8 **DISCUSSION**

9        **A.**      **Rule 18 and 20**

10        A basic lawsuit is a single claim against a single defendant.  Federal Rule of Civil Procedure

11 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant.

12 Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit

13 where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and

14 "any question of law or fact common to all defendants will arise in the action."  However, unrelated

15 claims that involve different defendants must be brought in separate lawsuits.  See George v. Smith,

16 507 F.3d 605, 607 (7th Cir. 2007).  This rule is not only intended to avoid confusion that arises out of

17 bloated lawsuits, but also to ensure that prisoners pay the required filing fees for their lawsuits and

18 prevent prisoners from circumventing the three strikes rule under the Prison Litigation Reform Act.

19 28 U.S.C. § 1915(g).

20        The Court advises Plaintiff that each claim that is raised in his second amended complaint must

21 be permitted by either Rule 18 or Rule 20.  Plaintiff may state a single claim against a single

22 defendant.  Plaintiff may then add any additional claims to his action that are against the same

23 defendant under Rule 18.  Fed. R. Civ. P. 18.  Plaintiff may also add any additional claims against

24 other defendants if those claims arise from the same transaction, occurrence, or series of transactions

25 as his original claim.  Fed. R. Civ. P. 20(a)(2).  Any attempt to join claims that are not permitted by

26 the Federal Rules of Civil Procedure will result in those claims being dismissed as improperly joined.

27 ///

28 ///

3

**B.      Rule 8**

The Court advises Plaintiff of the following requirements under the Federal Rules of Civil Procedure regarding the general formatting of his complaint.  Plaintiff's complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Each allegation must be simple, concise, and direct." Federal Rule of Civil Procedure 8(d)(1).  A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Federal Rule of Civil Procedure 10(b). "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count."  Federal Rule of Civil Procedure 10(b).

The function of the complaint is not to list every single fact relating to Plaintiff's claims.   If Plaintiff wishes to amend his complaint, he must set forth his claims in a simple, concise, and direct manner in order to meet the requirements of Rule 8.

**C.      Individualized Inquiry into Causation**

The Court notes that Plaintiff's complaint does not clearly allege how each individual defendant is responsible for the harm alleged in the Complaint.  "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complaints.'"  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  Id.

Here, Plaintiff does not provide clear allegations showing how each individual defendant's actions caused the constitutional deprivation alleged.  Plaintiff merely sets forth the allegations on one page of the complaint then on another page lists the individual the names of each defendant he contends is liable.  Plaintiff does not clearly allege how each of the individual defendants participated in an affirmative act or omission giving rise to his constitutional allegation.  Accordingly, Plaintiff's claims are not cognizable.

///

4

1    **D.     Retaliation**

2         "Prisoners have a First Amendment right to file grievances against prison officials and to be

3    free from retaliation for doing so."  Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing

4    Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).  Also protected by the First Amendment is the

5    right to pursue civil rights litigation in federal court without retaliation.  Silva v. Di Vittorio, 658 F.3d

6    1090, 1104 (9th Cir. 2011).  "Within the prison context, a viable claim of First Amendment retaliation

7    entails five basic elements: (1) An assertion that a state actor took some adverse action against an

8    inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the

9    inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a

10   legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

11   **E.     Inmate Appeals Process**

12        "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of

13   life, liberty, or property; and those who seek to invoke its procedural protection must establish that one

14   of these interests is at stake."  Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005).

15   Plaintiff does not a have protected liberty interest in the processing his appeals, and therefore, he

16   cannot pursue a claim for denial of due process with respect to the handling or resolution of his

17   appeals.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639,

18   640 (9th Cir. 1988)).

19   **F.     Access to Court**

20        Inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey, 518

21   U.S. 343, 346, 116 S.Ct. 2174 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011);

22   Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009).  However, to state a viable claim for relief,

23   Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated

24   or existing litigation."  Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing

25   Lewis, 518 U.S. at 348) (internal quotation marks omitted), cert. denied, 132 S.Ct. 1823 (2012);

26   Christopher v. Harbury, 536 U.S. 403, 415, 122 S.Ct. 2179 (2002); Phillips, 588 F.3d at 655.

27   ///

28   ///

**G.      Eighth Amendment-Deliberate Indifference to Safety**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.  Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted).  In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff.   Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

**H.      Interference with Mail**

Prisoners have "a First Amendment right to send and receive mail."  Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995).  Censorship of outgoing prisoner mail is justified if the following criteria are met: (1) the regulation furthers "an important or substantial government interest unrelated to the suppression of expression" and (2) "the limitation on First Amendment freedoms must be no greater than is necessary or essential to the protection of the particular governmental interest involved." Procunier v. Martinez, 416 U.S. 396, 413 (1974) (overturned by Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989) only as test relates to *incoming mail* - Turner test applies to incoming mail).

**I.      Placement in Administrative Segregation**

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law.  Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005).  To state a claim, Plaintiff must first identify the interest at stake.  Wilkinson, 545 U.S. at 221.  Liberty interests may arise from the Due Process Clause itself or from state law.  Id. The Due Process Clause does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue.  Id. at 221-23 (citing Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995)) (quotation marks

1    omitted).  Liberty interests created by prison regulations are generally limited to freedom from

2    restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary

3    incidents of prison life.  Wilkinson, 545 U.S. at 221 (citing Sandin, 515 U.S. at 484) (quotation marks

4    omitted); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

5         **J.       Gang Validation**

6         The Due Process Clause protects Plaintiff against the deprivation of liberty without the

7    procedural protections to which he is entitled under the law.  Wilkinson v. Austin, 545 U.S. 209, 221,

8    125 S.Ct. 2384 (2005).  To state a claim, Plaintiff must first identify the interest at stake.  Wilkinson,

9    545 U.S. at 221.  Liberty interests may arise from the Due Process Clause or from state law.  Id.  The

10   Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse

11   conditions of confinement, id. at 221-22 (citations and quotation marks omitted), and under state law,

12   the existence of a liberty interest created by prison regulations is determined by focusing on the nature

13   of the condition of confinement at issue, id. at 222-23 (citing Sandin v. Conner, 515 U.S. 472, 481-84,

14   115 S.Ct. 2293 (1995)) (quotation marks omitted).  Liberty interests created by prison regulations are

15   generally limited to freedom from restraint which imposes atypical and significant hardship on the

16   inmate in relation to the ordinary incidents of prison life.  Wilkinson, 545 U.S. at 221 (citing Sandin,

17   515 U.S. at 484) (quotation marks omitted); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).  If

18   a protected interest is identified, the inquiry then turns to what process is due.  Wilkinson, 545 U.S. at

19   224.

20        The assignment of validated gang members and associates to the Security Housing Unit (SHU)

21   is an administrative measure rather than a disciplinary measure, and is "essentially a matter of

22   administrative discretion."  Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir. 2003) (quoting Munoz v.

23   Rowland, 104 F.3d 1096, 1098 (9th Cir. 1997)).  As a result, prisoners are entitled to the minimal

24   procedural protections of adequate notice, an opportunity to be heard, and periodic review.  Bruce, 351

25   F.3d at 1287 (citing Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986), abrogated in part

26   on other grounds by Sandin v. Connor, 515 U.S. 472, 115 S.Ct. 2293 (1995)).  In addition to these

27   minimal protections, there must be "some evidence" supporting the decision.  Id. (citing

28   Superintendent v. Hill, 472 U.S. 445, 454, 105 S.Ct. 2768 (1985)).  Although discussed in the context

1    of a disciplinary hearing, the Ninth Circuit has stated that under the <u>Hill</u> standard, the evidence should

2    have some indicia of reliability.  <u>Cato v. Rushen</u>, 824 F.2d 703, 705 (9th Cir. 1987).

3       **K.      Equal Protection**

4        The Equal Protection Clause requires that persons who are similarly situated be treated alike.

5    <u>City of Cleburne v. Cleburne Living Center, Inc.</u>, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); <u>Hartmann</u>

6    <u>v. California Dep't of Corr. & Rehab.</u>, 707 F.3d 1114, 1123 (9th Cir. 2013); <u>Furnace v. Sullivan</u>, 705

7    F.3d 1021, 1030 (9th Cir. 2013); <u>Shakur v. Schriro</u>, 514 F.3d 878, 891 (9th Cir. 2008).  To state a

8    claim, Plaintiff must show that Defendants intentionally discriminated against him based on his

9    membership in a protected class.  <u>Hartmann</u>, 707 F.3d at 1123; <u>Furnace</u>, 705 F.3d at 1030; <u>Serrano v.</u>

10   <u>Francis</u>, 345 F.3d 1071, 1082 (9th Cir. 2003); <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 686 (9th Cir.

11   2001).

12                                    **IV.**

13                         **CONCLUSION AND ORDER**

14       For the reasons stated, Plaintiff's complaint is dismissed for failure to comply with the Federal

15   Rules of Civil Procedure.  Plaintiff is granted leave to file an amended complaint within thirty (30)

16   days.  <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-1449 (9th Cir. 1987).  Plaintiff may not change the nature

17   of this suit by adding new, unrelated claims in his amended complaint.  <u>George v. Smith</u>, 507 F.3d

18   605, 607 (7th Cir. 2007) (no "buckshot" complaints).

19       Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each

20   named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.

21   <u>Iqbal</u>, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties

22   and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a

23   constitutional deprivation."  <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1988).   Although accepted

24   as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative

25   level . . . ."  <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

26       Finally, an amended complaint supersedes the original complaint, <u>Forsyth v. Humana, Inc.</u>,

27   114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must be

28   "complete in itself without reference to the prior or superseded pleading," Local Rule 220.  "All

1  causes of action alleged in an original complaint which are not alleged in an amended complaint are

2  waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir.

3  1981)); accord Forsyth, 114 F.3d at 1474.

4         IT IS HEREBY ORDERED that:

5         1.     The Clerk's Office shall send Plaintiff a civil rights complaint form;

6         2.     Plaintiff's second amended complaint, filed September 18, 2013, is dismissed for

7                    failure to comply with the Federal Rules of Civil Procedure;

8         3.     Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

9                    amended complaint; and

10         4.     If Plaintiff fails to file an amended complaint in compliance with this order, this action

11                    will be dismissed, with prejudice, for failure to comply with a court order.

12

13  IT IS SO ORDERED.

14     Dated:   **March 24, 2014**                     

15                                              UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28