UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE PHILLIPI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PATTERSON, et al.,<br><br>　　　　Defendants. | Case No.: 1:13-cv-01514-SAB (PC)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>[ECF No. 13] |

Plaintiff Bruce Phillipi is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Now pending before the Court is Plaintiff's first amended complaint, filed April 17, 2014.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

1 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff contends that since 2010, he has experienced harassment over his perceived religion. After winning a criminal case against the California Department of Corrections and Rehabilitation, prison staff have denied Plaintiff access to the grievance procedure. Plaintiff believes based on information given by other inmates at Corcoran State Prison that staff have a policy of harassing inmates known as "litigators," "prison lawyers," or "legal beagles" to punish and discourage inmate appeals and lawsuits. Further punishment entails beatings and false accusations of criminal actions.

Plaintiff contends his constitutional rights to due process were violated when staff did not comply with a court order requiring expungement of a disciplinary action from Plaintiff's prison file. Plaintiff provided the court order to multiple staff and each individual would tell Plaintiff to ask someone else. Plaintiff believes due to the timing, his inmate appeals were rejected and/or canceled in retaliation for being a litigator.

///

## III.

## DISCUSSION

### A.  Inmate Appeal Process

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). Plaintiff does not a have protected liberty interest in the processing his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

Plaintiff contends that Defendants have canceled and/or rejected his inmate appeals in retaliation for being a "litigator." Defendants' actions in responding and/or processing Plaintiff's appeals, alone, cannot give rise to any claims for relief under section 1983 for violation of due process. Accordingly, Plaintiff fails to state a cognizable claim for relief based upon the inmate appeals process.

### B.  Retaliation

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). Also protected by the First Amendment is the right to pursue civil rights litigation in federal court without retaliation. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Here, Plaintiff contends that several appeals coordinators have improperly canceled and/or rejected his inmate appeals in retaliation for him being a "litigator." Plaintiff fails to state a cognizable claim. Plaintiff has not alleged a causal connection between the adverse action and the protected

conduct, or alleged that screening out his inmate grievances did not advance legitimate goals of the correctional institution. Plaintiff makes only the bare assertion that he was retaliated against for filing grievances.[1] Accordingly, Plaintiff fails to state a cognizable claim for relief.

### C.   Access to the Courts

Plaintiff has a constitutional right of access to the courts and prison officials may not actively interfere with his right to litigate. Silva v. Di Vittorio, 658 F.3d 1090, 1101-02 (9th Cir. 2011). However, to state a viable claim for relief, Plaintiff must allege he suffered an actual injury, which is actual prejudice with respect to contemplated or existing litigation. Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis v. Casey, 518 U.S. 343, 348 (1996)) (quotation marks omitted), cert. denied, 132 S.Ct. 1823 (2012). Actual injury is "actual prejudice with respect to contemplated or existing litigation." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis v. Casey, 518 U.S. 343, 348, 116 S.Ct. 2174 (1996)) (internal quotation marks omitted), cert. denied, 132 S.Ct. 1823 (2012).

Plaintiff fails to state a claim against any Defendants for denial of access to the courts. Plaintiff has not alleged sufficient facts which indicate that he suffered an actual injury with respect to contemplated or existing litigation. Accordingly, Plaintiff fails to state a cognizable claim for relief.

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's first amended complaint is dismissed for failure to state a cognizable claim for relief. Plaintiff is granted leave to file a second amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-1449 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what

---

[1] Plaintiff's claim that prison officials have failed to comply with a court order to expunge a disciplinary violation from his central file, section 1983 provides a cause of action only for deprivations of federal constitutional or statutory rights. Court orders do not establish rights actionable under section 1983. See Middlesex County Sewerage Authority v. National Sea Clammers Assoc., 453 U.S. 1, 20 (1981); Green v. McKaskle, 788 F.2d 1116, 1123 (5th Cir. 1986) ("… since there are 'remedial devices' (contempt) in place to ensure the enforcement of court orders, there is no need to allow court orders to serve as the basis of § 1983 liability.")

each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

IT IS HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's second amended complaint, filed April 17, 2014, is dismissed for failure to comply with the Federal Rules of Civil Procedure;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to comply with a court order.

IT IS SO ORDERED.

Dated:   **April 30, 2014**

UNITED STATES MAGISTRATE JUDGE