UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE PHILLIPI,<br><br>    Plaintiff,<br><br>    v.<br><br>PATTERSON, et al.,<br><br>    Defendants. | Case No.: 1:13-cv-01514-SAB (PC)<br><br>ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT<br><br>[ECF No. 17] |

Plaintiff Bruce Phillipi is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on October 10, 2013. Local Rule 302.

Now pending before the Court is Plaintiff's second amended complaint, filed May 27, 2014.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

///

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## COMPLAINT ALLEGATIONS

Plaintiff attempted to file prison grievances to gain access to prison grievance procedures. Plaintiff has brought both criminal and civil actions in the past against the California Department of Corrections and Rehabilitation (CDCR). Plaintiff has also assisted other inmates in their prison grievances against CDCR.

Plaintiff never had any difficulty filing and addressing the established prison grievance procedures from 1996 to 2012. Plaintiff has heard CDCR staff at Corcoran State Prison say to other staff, in his presence, that Plaintiff is a "staff assaulter, a "litigator," etc. Plaintiff has experienced a prison transfer, loss of property, loss of mail, lack of necessary diet, and denied library access.

Plaintiff has not been allowed access to file a grievance because they were never accepted or filed by prison officials. Plaintiff contends there is an unwritten policy to prevent those inmates

known as litigators any future litigation action against CDCR. Plaintiff further contends that based on the comments by staff and the timing of the denial of the ability to file a grievance, he has been denied access to file a grievance as punishment for his prior litigation activities.

Plaintiff contends his right to have prejudicial erroneous information expunged from his file was violated in retaliation for engaging in protected conduct. In 2012, Plaintiff received a court order from the Imperial County Superior Court, a court order to remove/expunge all mention of a prison disciplinary from his file. Plaintiff notified staff verbally, via written request and prison grievance, but there was no compliance with the court order.

In August 2013, Plaintiff went before the Board of Parole. The board denied parole based, in part, on his disciplinary record. Plaintiff contends that the prison staff did nothing to assist compliance with the court order and remove the erroneous information from his prison record.

## III.

## DISCUSSION

### A.    Retaliation Claim

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). Also protected by the First Amendment is the right to pursue civil rights litigation in federal court without retaliation. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

### 1.    Failure to Accept and File Inmate Grievance

Plaintiff fails to state a cognizable claim for retaliation against any of the Defendants based on the alleged failure to accept and/or file an inmate grievance. Although Plaintiff alleges in conclusory terms that defendants retaliated against for filing prior litigation and/or grievances, Plaintiff fails to substantiate his claim with any factual details to demonstrate that conduct was done because of

Plaintiff's prior activities or that such conduct did not reasonably advance legitimate a correctional goal.  Despite having been provided with the applicable legal standard on two prior occasions, Plaintiff merely names and alleges that each defendant denied, rejected, and/or improperly cancelled one or more of his inmate grievances.  Plaintiff sets forth no factual support or connection that any of the named defendants had any prior knowledge of Plaintiff's alleged prior litigation.  Without such factual support, Plaintiff does not and cannot state a cognizable claim for retaliation.  Because Plaintiff was previously provided with the applicable legal standard on two prior occasions and has failed to correct the deficiencies, the Court finds further leave to amend would be futile.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-1449 (9th Cir. 1987).

### 2.     Failure to Remove Disciplinary Report From Central File

Plaintiff contends that defendants have failed to comply with a state court order to remove erroneous information from his central file, which was relied upon, in part, in denying his parole. Plaintiff's allegations belie his claim that he was prevented from filing an grievance.  Plaintiff concedes that he notified staff verbally and by way of inmate grievance of the court order.  Plaintiff merely alleges that his requests and grievances were denied by defendants.  As Plaintiff has been advised previously, because there is no constitutionally protected right to a prison grievance process, the failure to process Plaintiff's grievances does not state a claim for denial of due process, Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001), interference with Plaintiff's right to seek redress, Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174, 2177 (1996); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009), or denial of an inmate appeal, George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007), does not state a cognizable constitutional violation.[1]  There are simply no facts to suggest that any defendant failed to remove a disciplinary report from Plaintiff's central file because of engaging in protected conduct.  Accordingly, Plaintiff fails to state a cognizable claim for retaliation.

///

---

[1]  In addition, the Court cannot discern why Plaintiff did not or could not have protested the disciplinary violation at his parole eligibility hearing.

### B. Access to Court Claim

Plaintiff has a constitutional right of access to the courts and prison officials may not actively interfere with his right to litigate. Silva v. Di Vittorio, 658 F.3d 1090, 1101-02 (9th Cir. 2011). However, to state a viable claim for relief, Plaintiff must allege he suffered an actual injury, which is actual prejudice with respect to contemplated or existing litigation. Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis v. Casey, 518 U.S. 343, 348 (1996)) (quotation marks omitted), cert. denied, 132 S.Ct. 1823 (2012). Actual injury is "actual prejudice with respect to contemplated or existing litigation." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis v. Casey, 518 U.S. 343, 348, 116 S.Ct. 2174 (1996)) (internal quotation marks omitted), cert. denied, 132 S.Ct. 1823 (2012).

Plaintiff fails to state a claim against any Defendants for denial of access to the courts. Plaintiff has not alleged sufficient facts which indicate that he suffered an actual injury with respect to contemplated or existing litigation. Accordingly, Plaintiff fails to state a cognizable claim for relief.

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. The Court previously described in detail, on two prior occasions, the legal standards necessary to state a cognizable constitutional violation, and Plaintiff again fails to do so.

Accordingly, IT IS HEREBY ORDERED that:

1. The second amended complaint is DISMISSED for failure to state a cognizable claim for relief;

//
//
//
//
//

2. The Clerk of Court is directed to enter judgment; and

3 This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio, 658 F.3d 1090, 1098-99 (9th Cir. 2011).

IT IS SO ORDERED.

Dated: **August 1, 2014**

UNITED STATES MAGISTRATE JUDGE